# KENTUCKY COURT OF APPEALS

G. N. Procter *v.* S. A. N. Maryman.

Construction of Wills—Devise—Reversion—Breach of Warranty.

 A testator devised to a daughter certain personal property "to her and her heirs forever" and by a subsequent clause provided, "If any of my daughters die, leaving no child, the estate hereby devised to such ones as such die childless, remaining undisposed of by will, shall pass to my surviving children, and the children of such as may then be dead, shall take the share the parent would have taken if living." The devisee under this provision sold the personal property by general warranty, and in a suit to collect a balance due thereon for purchase money, the defense pleaded that the devisee did not have a good fee simple title to the property devised, but only a life interest, and that there was a breach of warranty. Held that the clause of the will set forth only applied to such of the heirs as should die childless, and not having disposed of the estate devised by them, by last will and that the testator only intended to apply said clause to those to whom he had devised a separate estate with power to dispose of it by bequest; that the bequest of personalty was intended as a fee simple general estate, and there was therefore no breach of warranty.

APPEAL FROM UNION CIRCUIT COURT.

November 22, 1867.

Opinion of the Court by Judge Williams:

January, 1858, appellee Mrs. Maryman sold by general warranty to appellee four slaves for $500 paid and $1,500 to be paid with interest one year thereafter.

October 1, 1860, Proctor executed another note due one year thereafter for $1650, which recites that it is for loaned money, but which he avers was in renewal of the first note, including the interest, and sets up as a defense to this latter note that Mrs. Maryman did not have a good fee simple title to said slaves, but only a life interest, and that there was a breach of warranty.

The circuit judge supposing the defense to be equitable, and

(1)

there being an amended answer offered after the jury was sworn, directed the jury to find on the petition and continued the defense and transferred the cause to the equity side of the docket, and granted an injunction against the judgment, and on final trial dissolved it and dismissed the defenses.

Mrs. Maryman (then Mrs. McAfee) derived title to said slaves by the will of her father, the only clauses which refer thereto are the 8th and part of the 14th, which are as follows:

> Clause 8. "I do devise to my daughter Sally Mc-Afee my slaves Hanna and Anna and their future increase to her and her heirs forever."

and then bequeathed $1,000 to her brother in trust to her separate use free from the control of her husband.

> Clause 14. "If any of my daughters die leaving no child the estate hereby devised to such ones as such die childless remaining undisposed of by will shall pass to my surviving children, and the children of such as may then be dead shall take the share the parent would have taken if living."

By the third clause of the will the testator devised to his daughter, Jannett Roberts, two slaves and their increase *to her separate use, with power to dispose of them by last will.*

And by the fourth clause he devised to his daughter, Susan Lee, two slaves and their increaase *to her separate use, with power to dispose thereof by last will.*

By the seventh clause he devised to his daughter, Lucinda Graves, *and her heirs forever,* a slave, Nelly, and her future increase, and five hundred dollars as a separate estate, making William Maryman her trustee thereof.

It is apparent therefore that he intended the slaves devised to his daughters, Jannett and Susan, to be separate estates, with a power in each to devise them, and this whether they had children or not, whilst as to his daughters Lucinda and Sally he intended they *should have a fee simple general estate in and to the slaves devised to them, and a separate estate as to the money bequeathed.*

As there is no power vested in a married woman, by law, to devise her general estate, she can do so only by an express power in the will, which was not given by this testator.

As the fourteenth clause only applies to such of his daughters as shall die childless, and not having disposed of the estate devised

them by last will, it is to be presumed he only intended to apply it to those to whom he had devised a separate estate, with power to dispose of it by bequest; and this is fortified not only by the consideration that this fourteenth clause would be inconsistent with the general estate conveyed to appellee, but also from the clear manifestation of the testator appearing in the will that he intended to give her a fee simple general estate in the slaves and a separate estate in the money bequeathed to her.

If this fourteenth caluse be restricted in its operation, as we think it must be, to such of his daughters as he had devised a separate estate, with power by last will to appoint it, then there was no breach of warranty, because the appellee had the entire estate in the slaves and the legal power to dispose of it; and as appellant never was disturbed in his possession by any other claim, and never can be, because of the constitutional amendment freeing all slaves, we do not see any just or legal ground upon which he should be released from any part of said debt.

We have waived any investigation as to whether appellant, under the pleadings and issues herein, could set up or prove a different consideration than the one expressed in the note, to-wit: *borrowed money.*

Also whether if said fourteenth clause of testator's will applied to appellee it would not be void as inconsistent with the estate devised to her.

Also whether it should now be presumed appellee can possibly have no children at her death, she being some forty-seven years old, of feeble health, and a widow.

Wherefore, the judgment is affirmed with damages.

*Vance, for appellee,*